United States District Court<br>Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT COLBURN,

          Plaintiff,

    v.

CAROLYN W. COLVIN,

          Defendant.

Case No.  15-cv-00586-JST

**ORDER DENYING SUMMARY JUDGMENT TO PLAINTIFF AND GRANTING SUMMARY JUDGMENT TO DEFENDANT**

Re: ECF Nos. 16, 17

In this Social Security action, Plaintiff Robert Colburn appeals a final decision of Defendant Commissioner Carolyn W. Colvin denying his application for disability insurance benefits.  Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 16, 17. The matter is deemed fully briefed and submitted without oral argument pursuant to Civil Local Rule 16-5.

Upon consideration of the moving papers, and for the reasons set forth below, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

**I.      BACKGROUND**

      **A.      Factual and Procedural Background**

Plaintiff Robert Colburn is a resident of San Francisco.  Administrative Record ("AR") at 371.  He has worked previously as a taxi driver, and also as a hotel clerk and a student tutor.  AR 372-77.  Colburn applied for Supplemental Security Income disability benefits on August 12, 2010.  AR 310.  The application was denied on December 22, 2010.  AR 33.  His appeal to the Social Security Administration was denied on October 7, 2011.  AR 37.  On July 23, 2013, Plaintiff appeared before an Administrative Law Judge (ALJ) on appeal.  The ALJ denied his

1    appeal on September 26, 2013.  AR 14.

2         The ALJ held that Colburn suffered from a depressive disorder, a personality disorder, and

3    alcoholism and drug abuse.  AR 16.  The ALJ's order noted that Colburn has a history of

4    depression and has been diagnosed with narcissistic personality disorder, and that he has "a long

5    history of drug and alcohol abuse."  AR 18.  In determining Colburn's Residual Functional

6    Capacity (RFC), the ALJ concluded that his testimony was not entirely credible based on his

7    treatment history, his description of his own daily activities, his failure to comply with medical

8    treatment recommendations, his inconsistent information about drug and alcohol use, and on his

9    own "expressed . . . ambivalence about whether he is actually disabled."  AR 18-19.  The ALJ also

10   gave little weight to the opinion of Luis Ramirez, a Marriage and Family Therapist (MPT) because

11   the opinion was inconsistent with "the claimant's activities of daily living and the record as a

12   whole," and because an MFT is not an acceptable medical source under the Social Security

13   Administration's regulations.  AR 19.  The ALJ also gave little weight to the opinion of Nurse

14   Practitioner Ligon.  AR 20.  While Nurse Ligon stated Colburn's substance abuse was in

15   remission, the ALJ stated that evidence in the record suggested he used alcohol and marijuana a

16   few months before Nurse Ligon's report.  AR 20.  In addition, Nurse Ligon is not an acceptable

17   medical source, and "her opinion is inconsistent with the treatment notes and the evidence

18   regarding claimant's activities of daily living."  AR 20.

19        In light of these and other findings, the ALJ concluded that Colburn was capable of

20   performing past relevant work as a hotel clerk, as well as other work in the national economy, and

21   therefore that he was not disabled. [1]  AR 20-22.  Plaintiff then filed his appeal before this Court.

22   ECF No. 1.

23        **B.    Jurisdiction**

24

25   [1] Social Security regulations set out a five-step process for determining whether a claimant is
     disabled within the meaning of the Social Security Act.  Tackett v. Apfel, 180 F.3d 1094, 1098
26   (9th Cir. 1999).  The process is sequential, meaning that if a claimant is found to be either disabled
     or not disabled at any step, there is no need to consider subsequent steps.  Id.  The five steps are:
27   1)  Is the claimant presently working in a substantially gainful activity?  2) Is the claimant's
     impairment severe?  3) Does the impairment "meet or equal" one of a list of specific impairments
28   described in the regulations?  4) Is the claimant able to do any work that he or she has done in the
     past?  5) Is the claimant able to do any other work?  Id. at 1098-99.

United States District Court
Northern District of California

1    This Court has jurisdiction to review final decisions of the Commissioner pursuant to 42

2    U.S.C. § 405(g).

3    **C.    Legal Standard**

4    The Court may set aside a denial of benefits only if it is "not supported by substantial

5    evidence in the record or if it is based on legal error." Merrill ex rel. Merrill v. Apfel, 224 F.3d

6    1083, 1084-85 (9th Cir. 2000). "Substantial evidence is relevant evidence which, considering the

7    record as a whole, a reasonable person might accept as adequate to support a conclusion." Id. at

8    1085. It is "more than a scintilla but less than a preponderance." Thomas v. Barnhart, 278 F.3d

9    947, 954 (9th Cir. 2002). The Court "review[s] the administrative record in its entirety to decide

10   whether substantial evidence to support the ALJ's decision exists, weighing evidence that supports

11   and evidence that detracts from the ALJ's determination." Drouin v. Sullivan, 966 F.2d 1255,

12   1257 (9th Cir. 1992). "Where evidence exists to support more than one rational interpretation, the

13   Court must defer to the decision of the ALJ." Id. at 1258. The ALJ is responsible for making

14   determinations of credibility, resolving conflicts in medical testimony, and resolving all other

15   ambiguities. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

16   **II.    DISCUSSION**

17   Plaintiff advances three arguments as to why the ALJ's decision was not supported by

18   substantial evidence. First, he argues that the ALJ committed legal error by considering the effect

19   of his substance abuse prior to completing a full disability analysis. ECF No. 16 at 6-7. Second,

20   he argues that the ALJ erred by finding that Nurse Ligon's report was not from an acceptable

21   medical source, and that it was inconsistent with the record in the case. Id. at 7-11. Finally, he

22   argues that the ALJ erred by finding that MFT Luis Ramirez's opinion was inconsistent with the

23   record. Id. at 12. For the reasons discussed below, the Court concludes that none of these

24   arguments entitle Colburn to judgment in his favor.

25   **A.  Consideration of Substance Abuse**

26   Plaintiff argues that under Bustamante v. Massanari, 262 F.3d 949 (9th Cir. 2001), the ALJ

27   erred by considering the effect of his drug and alcohol abuse at an intermediate step of the

28   disability evaluation process, rather than after a final determination of disability at the end of the

United States District Court
Northern District of California

3

1    five-step process.  ECF No. 16 at 7.

2         Bustamante is inapposite.  In Bustamante, the underlying ALJ's decision found that

3    Bustamante suffered from two mental impairments but that these did not entitle him to benefits in

4    part because "alcohol abuse is his primary impairment" and "any secondary behavioral and

5    emotional conditions he may have are the product and consequence of his alcohol abuse and not

6    an independently severe or disabling impairment."  Bustamante, 262 F.3d at 952.  As the Ninth

7    Circuit noted, a claimant who is found to be disabled may still not be entitled to benefits if

8    alcoholism or drug addiction is found to be a contributing factor material to the disability

9    determination.  Id. at 954.  However, the Ninth Circuit held that the ALJ erred because it

10   examined the effect of Bustamante's alcohol abuse at step two of the disability determination

11   procedure.  Id. at 955.  Instead, "[t]he ALJ should have proceeded with the five-step inquiry

12   without attempting to determine the impact of Bustamante's alcoholism on his other mental

13   impairments," and "[i]f, and only if, the ALJ found that Bustamante was disabled under the five-

14   step inquiry, should the ALJ have evaluated whether Bustamante would still be disabled if he

15   stopped using alcohol."  Id.

16        Bustamante does not apply here because the ALJ in this case did not reach any conclusion

17   as to whether Colburn's drug and alcohol history impacted his other impairments.  Rather,

18   Colburn's substance abuse came into play only as part of the ALJ's analysis of the credibility of a

19   medical opinion.  One of multiple reasons the ALJ offered for giving Nurse Ligon's opinion little

20   weight was that she asserted Colburn's substance abuse was in remission, when other evidence in

21   the record suggested it was not.  AR 20.  Therefore, the ALJ explained, "this assessment may be

22   based, at least in part, on the claimant's drug and alcohol use."  AR 20.  As at least one other court

23   in this circuit has noted, Bustamante does not apply to this type of analysis.  Missell v. Colvin, No.

24   CV 13-8226-PCT-JAT, 2014 WL 2048082, at *5 (D. Ariz. May 19, 2014) (noting that while "the

25   Bustamante decision suggests that the ALJ must make the initial disability determination without

26   regard to whether the alcohol or drug abuse is the cause of the symptoms," it "does not speak

27   to . . . whether the ALJ can consider drug using in making a credibility determination.").

28        Accordingly, the Court concludes that the ALJ's analysis of the credibility of Nurse

United States District Court
Northern District of California

1    Ligon's opinion was not contrary to Bustamante.

2           **B.      Consideration of Nurse Ligon's Opinion**

3           Plaintiff contests the ALJ's conclusion that Nurse Ligon's opinion was not from an

4    acceptable medical source, as well as that it was inconsistent with other evidence in the record.

5                 **1. Acceptable Medical Source**

6           Plaintiff does not assert that Nurse Ligon is herself an acceptable medical source, but

7    rather that her opinion should be considered acceptable because it was also signed by a

8    supervising doctor, Donald Tarver. ECF No. 16 at 8.  The applicable regulation, 20 C.F.R.

9    § 416.913(a), states that an "acceptable medical source" for evidence of an impairment for Social

10   Security purposes must be a licensed physician, psychologist, optometrist, podiatrist, or

11   pathologist. See id.  Prior to 2000, this regulation also allowed for an "interdisciplinary team" that

12   included an acceptable source, but this language was repealed.  Id. at 8; see also Molina v. Astrue,

13   674 F.3d 1104, 1112 n.3 (9th Cir. 2012).  Plaintiff acknowledges this change, but argues that some

14   courts have nevertheless continued to recognize an exception if the non-acceptable medical source

15   works in an "extremely close relationship" with an acceptable medical source.  ECF No. 16 at 9.

16   He cites to Register v. Astrue, No. CV-10-2749-PHX-LOA, 2011 WL 6269766 at *10 (D. Ariz.

17   Dec. 20, 2011) and a pre-2000 case, Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996),

18   superseded by regulation as recognized in Boyd v. Colvin, 524 Fed. App'x 334, 336 (9th Cir.

19   2013) (unpublished), and contends that Nurse Ligon's opinion may be given "acceptable source

20   status" because she works closely with another acceptable medical source — in this case, Dr.

21   Tarver. Id.

22          This argument is unpersuasive.  Even if Plaintiff is correct on the law surrounding 20

23   C.F.R. § 416.913(a), he has failed to show that Nurse Ligon and Dr. Tarver worked closely

24   together in developing the opinion at issue.  On the contrary, Plaintiff's own motion admits that

25   Dr. Tarver never examined the Plaintiff, that he conducts only "annual" chart audits as the Chief

26   Consulting Psychiatrist, and that he consults with Nurse Practitioners "as needed."  ECF No. 16 at

27   8. Plaintiff's motion points to no evidence in the administrative record suggesting that Dr. Tarver

28   in fact did consult with Nurse Ligon on her opinion of Colburn.  At the very least, Plaintiff has not

United States District Court
Northern District of California

1    shown that a reasonable person, "considering the record as a whole," would disagree with the

2    ALJ's conclusion to treat Nurse Ligon's opinion as purely her own and therefore not from an

3    acceptable medical source.

4            **2. Inconsistency with the Record**

5            The ALJ's opinion explains that Nurse Ligon's opinion is "inconsistent with the treatment

6    notes and the evidence regarding claimant's activities of daily living." AR 20. Nurse Ligon

7    opined that Colburn's "diagnoses prevent him from being able to maintain gainful employment,"

8    that he is "markedly impaired," and that his substance abuse is not material to his disabilities. AR

9    20. However, the ALJ noted that the treatment notes suggested his "functionality is not impaired,"

10    and that his symptoms decrease when he is not using drugs or alcohol. AR 18-20. Among other

11    things, the ALJ also noted that Plaintiff "reported that he was doing really well," was getting good

12    grades at school and tutoring other students, and that he had himself expressed ambivalence as to

13    whether he was disabled. AR 18-19. Further findings include that Plaintiff's description of his

14    daily activities, such as attending school, doing housework and shopping, and regularly attending

15    Alcoholics Anonymous, did not match with his complaints of disabling symptoms and limitations.

16    AR 19. The ALJ also noted that Plaintiff's global assessment of functioning of 60 did not match

17    with Nurse Ligon's opinion that he could not work. AR 20.

18            The Court concludes these findings provide substantial evidence to support the ALJ's

19    decision to give Nurse Ligon's opinion little weight. Plaintiff does not explain why this evidence

20    is insufficient. He points to another portion of Nurse Ligon's opinion in which Nurse Ligon

21    suggests that Colburn struggles to handle stressors and responds by abusing alcohol and drugs.

22    ECF No. 16 at 11-12. This does not refute the numerous other pieces of evidence in the record

23    supporting the ALJ's conclusion.

24            Accordingly, the ALJ did not err by giving Nurse Ligon's opinion little weight.

25          **C.**      **Consideration of Luis Ramirez's Opinion**

26            Plaintiff's final argument is that the ALJ erred by also giving little weight to the opinion of

27    Marriage and Family Therapist Luis Ramirez. Much as with Nurse Ligon's opinion, the ALJ

28    concluded that Luis Ramirez's opinion was inconsistent with Colburn's "activities of daily living

United States District Court
Northern District of California

and the record as a whole." AR 19.

In challenging this decision, Plaintiff argues only that Luis Ramirez's opinion is in fact consistent with Nurse Ligon's opinion. However, the ALJ decided that Nurse Ligon's opinion was also entitled to little weight, and this decision was not in error, as explained above. Moreover, Plaintiff again does not explain why the various inconsistencies identified in Plaintiff's treatment notes and daily activities are insufficient support for the ALJ's conclusion. Accordingly, the Court holds that the ALJ's decision to give Luis Ramirez's opinion little weight was supported by substantial evidence.[2]

## CONCLUSION

For the forgoing reasons, the ALJ's decision is affirmed. Plaintiff's motion for summary judgment is denied, and Defendant's motion for summary judgment is granted.

**IT IS SO ORDERED.**

Dated: January 27, 2016

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

---

[2] In light of this ruling, the Court does not address Plaintiff's assertions in regards to whether Luis Ramirez is an acceptable "other source" for evidence of the severity of his impairments. See ECF No. 16 at 13.